| AOC-104 Doc. Code: CCCS | | Case No. 21-CI-00185 |
|---|---|---|
| Rev. 2-21 Page 1 of 1 | | Court Circuit |
| Commonwealth of Kentucky Court of Justice www.kycourts.gov | **CIVIL CASE COVER SHEET** | County Ohio |
| | | Division _____ |

**PLAINTIFF/PETITIONER** OR IN RE/IN THE INTEREST OF:
Estate of Issa Andrew Stereth, et al.

**DEFENDANT/RESPONDENT**, if applicable:
TBM Carriers, Inc., et al.

☐ Check here if **YOU DO NOT HAVE AN ATTORNEY** and are **REPRESENTING YOURSELF** (a Self-Represented [Pro Se] Litigant)

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE**. If you are making more than one type of claim, check the one that you consider most important.

**DOMESTIC RELATIONS**
☐ Dissolution/Divorce with Children (DISSOC)
☐ Dissolution/Divorce without Children (DISSO)
☐ Paternity (PA)
☐ Custody (CUSTO)
☐ Child Support IV-D (SUPIV)
☐ Child Support Private Non IV-D (SUPPRI)
☐ URESA/UIFSA (UR)
☐ Visitation/Parenting Time (VISIT)
☐ Voluntary Termination of Parental Rights (VTPR)
☐ Involuntary Termination of Parental Rights (ITPR)
☐ Adoption (ADPT)
☐ Other: (DFOTH) _____

**PROBATE / ESTATE**
☐ Guardianship-Adult (GCADLT)
☐ Guardianship-Juvenile (GCJUV)
☐ Adult Conservatorship - Trusteeship (CONSVA)
☐ Juvenile Conservatorship - Trusteeship (CONSVJ)
☐ Probate-Testate (with a will) (PBTEST)
☐ Probate-Intestate (without a will) (PBINT)
☐ Petition to Dispense with Administration (PBDIS)
☐ Name Change (NC)
☐ Will Contest (WC)
☐ Other: (PBOTH) _____

**TORT (Injury)**
☒ Automobile (AUTO)
☐ Intentional (INTENT)
☐ Malpractice-Medical (MDML)
☐ Malpractice-Other (MLOTH)
☐ Premises Liability (PREM)
☐ Product Liability (PROD)
☐ Property Damage (PD)
☐ Slander/Libel/Defamation (SLAND)
☐ Other: (PIOTH) _____

**REAL PROPERTY**
☐ Property Rights (PR)
☐ Condemnation (DOMAIN)
☐ Forcible Detainer - Eviction (FD)
☐ Forcible Entry (FENTRY)
☐ Foreclosure (FCL)
☐ Other: (COOTH) _____

**EMPLOYMENT**
☐ Employment-Discrimination (DSCR)
☐ Employment-Other (DISPU)

**CONSUMER**
☐ Seller Consumer Goods (DEBTG)
☐ Seller Consumer Services (DEBTS)
☐ Buyer Consumer Goods (BUYERG)
☐ Buyer Consumer Services (BUYERS)
☐ Credit Card Debt (CREDIT)
☐ Fraud (FRAUD)
☐ Other: (COOTH) _____

**APPEALS**
☐ Appeal from Administrative Agency (AB)
☐ Appeal from District Court (XI)
☐ Other: (OTH) _____

**MISC CIVIL**
☐ Habeas Corpus (HABEAS)
☐ Non-Domestic Relations Restraining Order (IP)
☐ Tax (TAX)
☐ Writs (WRITS)
☐ Other: (OTH) _____

**BUSINESS / COMMERCIAL**
☐ Business Tort (BCPI)
☐ Statutory Action (BCSA)
☐ Business Contract Dispute (BCCO)
☐ Other: (BCOTH) _____

871650

COMMONWEALTH OF KENTUCKY
OHIO CIRCUIT COURT
CASE NO. 21-CI- 00185

ESTATE OF ISSAC ANDREW STERETT AND
KATHERINE E. STERETT, WILLIAM L. STERETT, IV,
MAXWELL BRADEN STERETT, AND JOHN REID
STERETT                                                                                             PLAINTIFFS

V.

TBM CARRIERS, INC.

Serve: Kentucky Secretary of State
       Office of the Kentucky Secretary of State
       Summons Branch
       700 Capital Avenue, Suite 86
       Frankfort, KY 40601



FILED
JUL 09 2021
SHANNON KERLEY, CLERK
BY _____ D.C.

        For service upon:

        TBM Carriers, Inc.
        c/o Registered Agents, Inc.
        401 Ryland Street, Suite 200-A
        Reno, Nevada 89502

ROBERTO IGNACIO M. ENRIQUEZ

Serve: Kentucky Secretary of State
       Office of the Kentucky Secretary of State
       Summons Branch
       700 Capital Avenue, Suite 86
       Frankfort, KY 40601

        For service upon:
        Roberto Ignacio M. Enriquez
        363 Nina Lee Road
        Calexico, California 92231

871650

| | |
|---|---|
| **JOSE ALBERTO T. GOXCON** | **DEFENDANTS** |

Serve: Kentucky Secretary of State
       Office of the Kentucky Secretary of State
       Summons Branch
       700 Capital Avenue, Suite 86
       Frankfort, KY 40601

           For service upon:
           Jose Alberto T. Goxcon
           363 Nina Lee Road
           Calexico, California 92231

## COMPLAINT

Plaintiffs, the Estate of Issac Andrew Sterett, by and through, John David Meyer, Administrator, and Katherine E. Sterett, individually and as next of friend of William L. Sterett, IV, Maxwell Braden Sterett, and John Reid Sterett, by counsel, states as follows for their complaint herein:

### PARTIES, VENUE, AND JURISDICTION

1. Issac Andrew Sterett ("Issac") was a resident of Daviess County, Kentucky. Issac passed on July 10, 2021 following an automobile accident that is the subject of this Complaint. The Daviess District Court entered an order probating the Estate of Issac Andrew Sterett ("Estate") on July 2, 2021. The Estate prosecutes this action as a Plaintiff herein pursuant to the wrongful death statutes codified in KRS §411.130, et seq.

2. Katherine E. Sterett ("Katie") is and was at all times relevant to the Complaint a resident of Daviess County, Kentucky.

3. William L. Sterett, IV, ("Will") is and was at all times relevant to the Complaint a resident of Daviess County, Kentucky.

871650

4. Maxwell Braden Sterett, ("Max") is and was at all times relevant to the Complaint a resident of Daviess County, Kentucky.

5. John Reid Sterett, ("Reid") is and was at all times relevant to the Complaint a resident of Daviess County, Kentucky.

6. To the best of Plaintiffs' knowledge and belief, Defendant, TBM Carriers, Inc., ("TBM") is a Nevada corporation with its principal office located at 5190 Neil Road, Suite 430, Reno, Nevada 89502. Service of the summons upon TBM can be accomplished through the Kentucky Secretary of State pursuant to KRS §188.020 and KRS §454.210. Pursuant to the Nevada Secretary of State's Office, TBM designated as its agent for service of process Registered Agents, Inc., 401 Ryland Street, Suite 200-A, Reno, Nevada 89502.

7. Plaintiffs' lack knowledge as to the residency of the Defendant, Roberto Ignacio M. Enriquez ("Roberto"). He may be served with the summons process in this action through the Kentucky Secretary of State pursuant to KRS §188.020 and KRS §454.210. To the best of Plaintiffs knowledge and belief, Roberto may be served with summons at 363 Nina Lee Road, Calexico, California 92231.

8. Plaintiffs' lack knowledge as to the residency of the Defendant, Jose Alberto T. Goxcon ("Jose"). He may be served with the summons process in this action through the Kentucky Secretary of State pursuant to KRS §188.020 and KRS §454.210. To the best of Plaintiffs knowledge and belief, Jose may be served with summons at 363 Nina Lee Road, Calexico, California 92231.

9. Jurisdiction is proper in this Court as the damages suffered by Plaintiffs exceed the jurisdictional amount of this Court of $5,000.00.

10. Venue is proper in this Court pursuant to KRS §452.455 as all acts complained of

871650

occurred in Ohio County, Kentucky.

## ACTIONABLE OCCURENCE

11. At all times mentioned herein, based upon information and belief, Roberto was a commercial motor vehicle driver employed by TBM to drive TBM's commercial motor vehicles throughout the United States including the Commonwealth of Kentucky.

12. At all times mentioned herein, based upon information and belief, Jose was a commercial motor vehicle driver employed by TBM to drive TBM's commercial motor vehicles throughout the United States including the Commonwealth of Kentucky.

13. On July 10, 2015, Issac, Will, Max and Reid were passengers in an automobile driven by William L. Sterett, III, ("Tres") in Ohio County, Kentucky. They were traveling South on Interstate I-165.

14. At that time, based upon information and belief, Roberto and/or Jose were operating a semi-tractor trailer that was owned and operated by TBM while within their scope and employment of TBM. The semi-tractor trailer was traveling south on Interstate I-165.

15. The semi-tractor trailer experienced mechanical issues. As a result, Roberto and/or Jose operated the semi-tractor trailer at a slow rate of speed greatly less than the posted speed limit or were completely stopped in the right South bound lane. Such operation of the semi-tractor trailer by Roberto and/or Jose was in a negligent and careless manner so as to pose a danger to the public.

16. The vehicle operated by Tres struck the rear of the semi-tractor trailer causing extensive damage to the vehicle.

17. As a result of the impact, Issac passed away at the scene of the accident.

18. As a result of the impact, Will, Max, and Reid suffered injuries to their person.

871650

## COUNT I – COMMON LAW NEGLIGENCE

19. Plaintiffs incorporate and re-allege by reference all the material allegations contained in numerical paragraphs 1-18 above.

20. On, or about, July 10, 2020, defendants Roberto and/or Jose had the duty to operate the tractor trailer in the same manner that an ordinarily prudent person would under the same or similar circumstances.

21. On, or about, July 10, 2020, defendants Roberto and/or Jose negligently breached the aforementioned duty by operating the tractor trailer at an excessively slow rate of speed on an Interstate highway.

22. Defendants Roberto and/or Jose's negligence was a substantial factor in causing Issac to sustain serious and permanent injuries, resulting in the loss of his life.

23. Defendants Roberto and/or Jose's negligence was a substantial factor in causing Will, Max and Reid to sustain serious and permanent injuries to their person and body.

24. As a direct and proximate cause of Roberto and/or Jose's negligence, Issac, Will, Max and Reid incurred general damages, including, but not limited to, to loss of earning capability, and medical related expenses, which general damages exceeds of the minimum jurisdiction of this Court.

## COUNT II – NEGLIGENCE OF TBM

25. Plaintiffs incorporate and re-allege by reference all the material allegations contained in numerical paragraphs 1-24 above.

26. On or about July 10, 2020, Roberto and/or Jose, while employed by, acting on behalf of and in the course and scope of his employment for Defendant TBM, drove TBM's commercial motor vehicle in an unsafe, negligent, careless, incompetent, hazardous, and

871650

otherwise wrongful manner so as to cause said vehicle to crash into the vehicle in which Issac was riding.

27. At all times herein mentioned, Roberto and/or Jose was negligently entrusted to operate TBM's commercial motor vehicle. TBM knew or should have known of the unsafe, negligent, careless, incompetent, hazardous, and otherwise wrongful manner of driving habits of Roberto and/or Jose before entrusting them with said commercial motor vehicle.

28. As a direct and proximate result of the unsafe, negligent, careless, incompetent, hazardous, and otherwise wrongful manner of driving of Roberto and/or Jose, including TBM, Issac, Will, Max and Reid were hurt and injured in their health, strength, and activity, sustaining injuries to his person that caused Issac, Will, Max and Reid great mental, physical, emotional, and nervous pain and suffering. Unfortunately, these injuries directly resulted in Issac's untimely death on July 10, 2020.

29. As a further direct and legal result of the negligence of Roberto, Jose and TBM and each of them, Issac, Will, Max and Reid have incurred general damages, including, but not limited to loss of earning capability, and medical related expenses, which general damages exceeds of the minimum jurisdiction of this Court.

### COUNT III – NEGILGENT HIRING, TRAINING, SUPERVISION AND RETENTION BY TBM

30. Plaintiffs incorporate and reallege by reference all the material allegations contained in numerical paragraphs 1-29 above.

31. TBM had a duty of due care in the hiring, training, supervision, and retention of its employees. TBM had a further duty of due care to investigate the background of its employees, especially in light of the particular risk or hazard that the breach of that duty poses to other persons, such as Issac, Will, Max and Reid. TBM breached their duty in that, among other

871650

things, they (1) knew or had reason to know that Roberto and Jose were incompetent and an unfit employees; (2) knew or had reason to know that Roberto and Jose were not properly trained to safely operate a commercial motor vehicle; (3) knew or had reason to know that Roberto and Jose were not properly trained in compliance with Federal, State, and Local safety/trucking standards, regulations, codes, laws, and ordinances including, but not limited to, the Federal Motor Carrier Safety Regulations.

32. Despite the foregoing, TBM negligently, recklessly, and carelessly permitted Roberto and Jose to operate one of their commercial motor vehicles in the course and scope of their employment with TBM.

33. As a direct and proximate result of the acts of TBM, Roberto and Jose, as aforesaid, Issac, Will, Max and Reid sustained severe and serious injury to their person, including but not limited to severe physical injury, severe emotional distress, death, medical bills, lost wages, both past and future, and economic and noneconomic damages in a sum in excess of the minimum jurisdiction of this Court.

**COUNT IV – NEGLIGENCE PER SE (LACK OF REQUIRED KNOWLEDGE)**

34. Plaintiffs incorporate and re-allege by reference all the material allegations contained in numerical paragraphs 1-33 above.

35. Plaintiffs incorporate by reference 49 C.F.R. § 383.111 (Required Knowledge).

36. 49 C.F.R. § 383.111 (Required Knowledge) requires an operator of a commercial motor vehicle to know, among other things, the procedures for safe vehicle operations, the effects of fatigue, safe vehicle control, basic control, visual search, speed management, space management, extreme driving conditions, hazard perceptions, and emergency maneuvers. This

871650

regulation ensures that commercial motor vehicle operators are qualified to safely operate a commercial motor vehicle.

37. Issac, Will, Max and Reid, as passengers in a motor vehicle on the interstate highways, was a member of the class that 49 C.F.R. § 383.111 (Required Knowledge) was intended to protect.

38. On or about July 10, 2020, Roberto and/or Jose operated and TBM allowed Roberto and Jose to operate TBM's commercial motor vehicle, in the course and scope of his employment with TBM, with knowledge that Roberto and Jose did not possess the required knowledge to safely operate a commercial motor vehicle. Roberto and/or Jose's operation of said vehicle caused the collision involving the vehicle in which Issac, Will, Max and Reid were passengers, proximately causing the type of injuries that 49 C.F.R. § 383.111 (Required Knowledge) was intended to protect against.

39. As a direct and proximate result of the acts of TBM, Roberto and Jose, as aforesaid, Issac, Will, Max and Reid sustained severe and serious injury to their person including but not limited to severe physical injury; severe emotional distress; death; medical bills; lost wages, both past and future; and economic and noneconomic damages in a sum in excess of the minimum jurisdiction of this Court.

## COUNT V -- NEGLIGENCE PER SE (LACK OF SKILL)

40. Plaintiffs incorporate and re-allege by reference all the material allegations contained in numerical paragraphs 1-39 above.

41. Plaintiffs incorporate by reference 49 C.F.R. § 383.113 (Required Skills).

42. 49 C.F.R. § 383.113 (Required Skills) requires an operator of a commercial motor vehicle to possess and demonstrate basic vehicle control skills, safe driving skills, and air brake

871650

skills. This regulation ensures that commercial motor vehicle operators are qualified to safely operate a commercial motor vehicle upon the public highways.

43. Issac, Will, Max and Reid, as passengers in a motor vehicle on the interstate highways, was a member of the class that 49 C.F.R. § 383.113 (Required Skills) was intended to protect.

44. On or about July 10, 2020, Roberto and/or Jose operated and TBM allowed Roberto and Jose to operate TBM's commercial motor vehicle, in the course and scope of his employment with TBM, with knowledge that Roberto and/or Jose did not possess the required skills to safely operate a commercial motor vehicle. Roberto and/or Jose's operation of said vehicle caused the collision with the vehicle in which Issac, Will, Max and Reid were passengers, proximately causing the type of injuries that 49 C.F.R. § 383.113 (Required Skills) was intended to protect against.

45. As a direct and proximate result of the acts of TBM, Roberto and Jose, as aforesaid, Issac, Will, Max and Reid sustained severe and serious injury to their person including but not limited to severe physical injury; severe emotional distress; death; medical bills; lost wages, both past and future; and economic and noneconomic damages in a sum in excess of the minimum jurisdiction of this Court.

## COUNT VI – WRONGFUL DEATH

46. Plaintiffs incorporate and re-allege by reference all the material allegations contained in numerical paragraphs 1-45 above.

47. On or about July 10, 2020, Roberto and/or Jose, while employed by, acting on behalf of and in the course and scope of their employment for TBM, drove TBM's commercial

motor vehicle in an unsafe, negligent, careless, incompetent, hazardous, and otherwise wrongful manner so as to cause a collision with the vehicle in which Issac was a passenger.

48. At all times herein mentioned, Roberto and/or Jose were negligently entrusted to operate TBM's commercial motor vehicle. TBM knew or should have known of the unsafe, negligent, careless, incompetent, hazardous, and otherwise wrongful manner of driving habits of Roberto and/or Jose before entrusting him with said commercial motor vehicle.

49. As a direct and proximate result of the unsafe, negligent, careless, incompetent, hazardous, and otherwise wrongful manner of driving of Roberto and/or Jose, Issac died on July 10, 2020.

50. As a further direct and legal result of the negligence of Roberto, Jose and TBM, Plaintiffs have been deprived of Issac's society, comfort, attention, love, affection, services, and support to their damage, including, but not limited to damages for lost wages, funeral expenses and burial expenses, the exact amount of which cannot be ascertained at this time, but which amount exceeds the jurisdictional minimums of the Court.

## COUNT VII – LOSS OF CONSORTIUM

51. Plaintiffs incorporate and re-allege by reference all the material allegations contained in numerical paragraphs 1-50 above.

52. Katie is the mother of Issac.

53. Defendants' negligent acts as described herein caused the death of Issac.

54. As a direct and legal result of the Defendants' negligent acts as described herein, Katie has been deprived of Issac's companionship, society, comfort, attention, love, affection and services, which the exact amount of damages cannot be ascertained at this time, but which amount exceeds the jurisdictional minimums of the Court.

871650

## PUNITIVE DAMAGES

55. Plaintiffs incorporate and re-allege by reference all the material allegations contained in numerical paragraphs 1-54 above.

56. Defendants' actions as set forth herein in the operation of the tractor trailer at and prior to the accident constitute reckless misconduct in disregard to human life.

57. As a result of Defendants reckless misconduct, punitive damages are appropriate in an amount which exceeds the jurisdictional minimums of the Court

**WHEREFORE**, Plaintiffs, demand judgment against defendants, TBM, Roberto and Jose as follows:

a. An amount of general and special damages in excess of the minimum jurisdictional amount that are fair and reasonable as established by the evidence;

b. For punitive damages based upon Defendants reckless conduct;

c. Any relevant civil penalties;

d. Costs expended herein;

e. A reasonable attorney fee;

f. Pre-judgment and post-judgment interest;

g. A jury trial on all issues so triable; and

h. Any and all other relief to which Plaintiffs may appear entitled, including the right to freely amend the pleadings.

871650

Respectfully submitted,

John David Meyer (KBA 87353)
MEYER & MEYER, LLP
100 East Veterans Blvd.
Owensboro, KY 42303
jdmeyerlaw@bellsouth.net
Phone 270-926-2621
Fax 844-844-0076

C:\Users\user\My ShareSync\Lori\My Documents\Meyer, JD\Probate\Sterett, Issac Andrew\Wrongful Death Suit\Pleadings\1 - Complaint v2.docx

871650